UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>CHARLES TYSON,<br><br>    Defendant. | No. 3:13-cr-00002 (MPS), |

**ORDER OF RELEASE**

Defendant Charles Tyson is serving a sentence of imprisonment at Cimarron Correctional Facility in Oklahoma and has filed a second motion under 18 U.S.C. § 3582(c)(1)(A) for a reduction in his term of imprisonment due to the health risks posed by the COVID-19 virus. ECF No. 445. On January 8, 2021, Mr. Tyson tested positive for the COVID-19 virus. The Court held a telephonic hearing on Thursday, January 14, 2021, in which Mr. Tyson, his sister, his girlfriend (Belinda Jacobs), counsel, and the Court participated. Thereafter, at the Court's request, defense counsel made supplemental filings on the docket concerning the premises at which Mr. Tyson would stay if the Court ordered that his sentence be reduced to time served and the manner in which he would be transported to Connecticut if the Court issued such an order. After reviewing these materials and considering carefully the Section 3553(a) factors, Mr. Tyson's recent COVID-19 diagnosis, his underlying medical conditions, and his current conditions of confinement, I find that extraordinary and compelling reasons warrant a reduction of the term of imprisonment to time served under 18 U.S.C. § 3582(c)(1)(A). Mr. Tyson's medical conditions place him at higher risk of severe illness and complications from COVID-19 and, while I do not doubt the good faith and competence of the staff at Cimarron, Mr. Tyson will

stand a better chance of surviving the virus and reducing the risk of severe illness and complications if he is allowed to seek medical care in the community. His motion for compassionate release is therefore GRANTED and his sentence of imprisonment is hereby reduced to time served effective Friday, January 22, 2021.

**Accordingly, I hereby order that Charles Tyson (Register Number: 21426-014) be released from custody <u>on the morning of Friday, January 22, 2021</u>**. As Mr. Tyson is not currently in the custody of the Bureau of Prisons, but is instead being held at Cimarron for the U.S. Marshals Service, I will provide a copy of this order to the U.S. Marshal for the District of Connecticut, and will ask that defense counsel provide a copy directly to the facility at Cimarron. **The Marshals Service is hereby ordered to direct Cimarron to release Mr. Tyson from custody on the morning of Friday, January 22, 2021**. To the extent that it is necessary to do so to support this order, I also make a finding, pursuant to 18 U.S.C. Sec. 3145, that there are "exceptional reasons" why Mr. Tyson's continued detention is no longer appropriate, namely, the reasons identified above.

Upon his release from custody, Mr. Tyson shall serve a period of supervised release equal to the unserved portion of his original term of imprisonment, plus the 36-month term of supervised release previously imposed. ECF No. 412 at 4. Mr. Tyson was scheduled to become eligible for release from prison on May 08, 2022.[1] Therefore, he shall be on supervised release until that date, followed by an additional 36 months of supervised release (which was the originally imposed term). All of the conditions of supervised release listed in his original Judgment, ECF No. 412, shall apply throughout the period of supervised release. In addition, the following additional special conditions shall apply:

---

[1] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc (last visited January 13, 2021).

1. **Upon release on January 22, 2021, Mr. Tyson shall travel as soon as possible and in no more than 48 hours to his parents' apartment in Connecticut.** The Court has been informed that Mr. Tyson's girlfriend, Belinda Jacobs, will pick him up at Cimarron. The Court strongly advises Ms. Jacobs that she should wear a mask at all times in the company of Mr. Tyson and bring a mask for him to wear at all times; the Court also advises that she keep the car windows open as much as possible during the trip to maximize ventilation. (Defense counsel is requested to provide a copy of this order to Ms. Jacobs, to Mr. Tyson's sister, and to Mr. Tyson's parents.)

2. **If it is necessary for Mr. Jacobs and Mr. Tyson to stop for an overnight stay en route from Oklahoma to Connecticut, Mr. Tyson must wear a mask at all times and must remain in the hotel room at all times; he may not go out to eat at a restaurant.**

3. **Once he reaches his parents' apartment in Connecticut, he shall be in home confinement for one hundred and twenty (120) days, to be enforced by electronic monitoring (GPS). During the first fourteen (14) of those 120 days, he must self-quarantine,** *i.e.*, **self-isolate at home by living, by himself, in a separate room of the apartment.** (The self-quarantine order within the home is for the protection of his family members.) Following that fourteen-day period, he shall relocate to the home of his sister and remain in **home confinement at that location for an additional one hundred and six (106) days**. During the first fourteen days of his period of home confinement, he shall remain inside the home at all times, except for medical reasons, which medical reasons must be communicated to the U.S. Probation Office, if at all

possible, before he attempts to leave the home.  After the 14 days of self-quarantine have expired, he shall remain inside the home at all times during the remaining 106 days of home confinement, except for (a) medical reasons, (b) to meet with his Probation Officer, (c) to participate in substance abuse counseling and treatment, (d) to participate in mental health treatment, and (e) to seek employment.  Seeking employment in this context does not mean walking the streets looking for a job; Mr. Tyson may leave the home for this reason only to attend an in-person job interview or, if employment is secured, to work.  **In addition, during these 106 days, Mr. Tyson may not, under any circumstances, be outside the home after 6pm or before 6am.**

4. No later than April 16, 2021, Mr. Tyson shall contact his physician and seek COVID-19 (1) testing to determine whether he continues to test positive for the virus, and (2) a COVID-19 vaccine, unless the physician recommends against a vaccine. If the physician determines that Mr. Tyson continues to test positive for COVID-19 and recommends additional steps at that time, Mr. Tyson shall comply with that recommendation.

5. Finally, during the entire period of supervised release, Mr. Tyson shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time, in a reasonable manner, and based on reasonable suspicion of contraband or evidence of a violation of the conditions of supervised release.  Failure to submit to a search may be grounds for revocation.  Mr. Tyson shall warn other residents about this condition.

**The Court will hold a compliance review proceeding over Zoom on February 26, 2021 at 2pm.  Mr. Tyson must attend over Zoom.**

IT IS SO ORDERED.

Dated: Hartford, Connecticut
       January 18, 2021

                                                              /s/
                                                    Michael P. Shea, U.S.D.J.